I t GRISBAUM, Chief Judge.
Plaintiffs, Collins J. Randall and his wife, Shirley Wilson, appeal the trial court’s judgment in favor of defendants, dismissing plaintiffs’ claims that the defendants charged them usurious interest rates on their loans. We affirm.

ISSUE

We are called upon to determine whether St. Charles Mortgage & Loan charged the plaintiffs interest rates in excess of those authorized by law on their loans.

FACTS AND PROCEDURAL HISTORY

This appeal arises out of a series of loans made by St. Charles Mortgage & Loan, Inc. (hereinafter “St. Charles M & L”) to Collins J. Randall, Jr. and his wife, Shirley Wilson (hereinafter the “Randalls”). The initial loan, dated November 18, 1983, was for $10,590.68. On January 19, 1984, the Randalls refinanced this loan. On April 23, 1985, the Randalls refinanced, the January 19, 1984 loan. The *515 record shows that the |?1984 and 1985 loans were secured by a collateral mortgage affecting real estate and governed by Louisiana Consumer Credit Law (LCCL). La. R.S. 9:3510 et seq. Under the LCCL, a creditor may, by express written contract, charge a debtor a higher interest rate on the credit extended. La. R.S. 9:3514 and 9:3519; Coffey v. Peoples Mortgage & Loan of Shreveport, Inc., 408 So.2d 1153 (La.App. 2d Cir.1981).
The 1984 and 1985 loans also included precomputed interest. A “ ‘[pjrecomputed consumer credit transaction’ means a consumer credit transaction under which loan finance charges or credit service charges are computed in advance over the entire scheduled term of the transaction and capitalized into the face amount of the debt- or’s promissory note or other evidence of indebtedness.” La. R.S. 9:3516(25).
The 1984 loan financed $20,549.04 with an interest rate of 24.08% per annum. If the Randalls had paid off this loan as scheduled, total payment, including the amount financed and finance charges, would have been $35,713.20. The 1985 loan financed $39,057.50 with an interest rate of 22.42%. If the Randalls had paid off this loan as scheduled, total payment, including the amount financed and finance charges, would have been $98,408.40. Both of these loans included a clause stating that if a precomputed consumer loan was not paid at contractual maturity, the unpaid amount would bear a loan finance charge at the rate set forth in the contract for one year, and that thereafter, it would bear a loan finance charge at 18%. See La. R.S. 9:3522.
The plaintiffs filed a petition against St. Charles M & L and James H. Baskett, alleging that. defendants had charged them interest rates in excess of those authorized by law and had charged interest on interest. Plaintiffs alleged that the loan contracts were usurious and should be declared null. The plaintiffs are now involved in bankruptcy proceedings; thus, any money gained as a result of this lawsuit shall become part of the bankruptcy estate.
After a bench trial, the trial court found in favor of the defendants and dismissed plaintiffs’ claims. The trial court found that the Randalls expressly agreed to contract these loans with St. Charles M & L under the Louisiana Consumer Credit Law. The trial | ¡¡court further found that St. Charles M & L had not assessed the plaintiffs with finance charges exceeding those authorized by the LCCL. On appeal, plaintiffs contend that the trial court erred in finding that St. Charles M & L did not charge interest rates in excess of those authorized by La. R.S. 9:3519(A).

LAW AND ANALYSIS

Under the LCCL, the maximum loan finance charge for any consumer loan may equal but not exceed:
(a) Thirty-six percent per year for that portion of the unpaid principal amount of the loan not exceeding one thousand four hundred dollars;
(b) Twenty-seven percent per year for that portion of the unpaid principal amount of the loan exceeding one thousand four hundred dollars and not exceeding four thousand dollars;
(c) Twenty-four percent per year for that portion of the unpaid principal amount on the loan exceeding four thousand dollars and not exceeding seven thousand dollars; and
(d) Twenty-one percent per year for that portion of the unpaid principal amount of the loan exceeding seven thousand dollars.
B. This Section does not limit or restrict the manner of contracting for loan finance charges under a consumer loan, whether by way of precomputed interest, simple interest, or otherwise, so long as the annualized loan finance charge rate computed on an actuarial or U.S. Rule basis over the entire scheduled term of the transaction, assuming *516 that all payments will be made when due and disregarding the possible effects of early prepayment or acceleration of maturity, does not exceed the maximum rates permitted in this Chapter. Demand loans shall have presumed term of five years.
La. R.S. 9:3519.
The appellants contend that because the loan agreement provides for an interest rate greater than 21% on a loan exceeding $7,000.00, St. Charles M & L charged them illegal interest rates. We recognize, however, that the LCCL allows a creditor to charge 36% on the portion of the unpaid principal not exceeding $1,400.00; 27% on the portion of the unpaid principal exceeding $1,400.00 and not exceeding $4,000.00; and 24% on the portion of the unpaid principal exceeding $4,000.00 and not exceeding $7,000.00. Id. The 21%, to which the appellants refer, applies to all of the unpaid principal ^exceeding $7,000.00. Thus, the agreement states that the annual finance charge rate is 24.08% and 22.42% because these percentages are a compilation of the 36%, 27%, 24%, and 21% applied to their respective amounts under La. R.S. 9:3519. Ergo, the record does not show that St. Charles M & L charged the appellants usurious interest rates.
Under the LCCL, “[i]f two installments or other regular payments or parts thereof of a precomputed consumer credit transaction are in default for ten days or more, the extender of credit may, upon first giving the consumer written notice, elect to convert the precomputed consumer credit transaction into a simple interest transaction.” La. R.S. 9:3527(D). The record reveals that the appellants defaulted on their 1985 loan for more than the statutory two-month, ten-day period. As a result, St. Charles M & L was authorized to convert the precomputed consumer credit transaction into a simple interest transaction, after giving the appellants notice. Id. A “ ‘[s]imple interest transaction’ means a consumer credit transaction under which loan finance charges or credit service charges are assessed by application of a contractual simple interest rate or rates to the unpaid balance of the debtor’s promissory note, account or other evidence of indebtedness.” La. R.S. 9:3516(32). St. Charles M & L then rebated a minimal amount of interest to the appellants as required by La. R.S. 9:3527(D) and 9:3532(A). After the loan was converted, St. Charles M & L charged the appellants 22.42% interest for one (1) year, and 18% thereafter as authorized by La. R.S. 9:3522.
The record further shows that when the appellants refinanced their loans in January 1984 and April 1985, some money was paid directly to them, substantial insurance premiums were paid, and GMAC Automotive Finance was paid on their behalf. Thus, their debt increased because of these payments as well as because of the high interest rates they had contracted to pay under the LCCL.
While we find the appellants’ situation oppressive, on the record before us, we cannot find that St. Charles M & L charged them usurious interest rates. The record shows that all finance charges assessed by St. Charles M & L on the appellants was [Rwithin the statutory guidelines set forth in the LCCL. Accordingly, we cannot say the trial court erred in dismissing the appellants’ claims against St. Charles M & L.
For the reasons assigned, we affirm the trial court’s judgment. Each party shall bear his own costs of this appeal.

AFFIRMED.